United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-13855-mdc
Bethann Brannigan-Sobon                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: Randi            Page 1 of 1         Date Rcvd: Feb 13, 2019
                             Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2019.
db              +Bethann Brannigan-Sobon,    2219 Fuller Street,    Philadelphia, PA 19152-2805

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2019 at the address(es) listed below:
              JIM   PEAVLER    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy1@state.pa.us,
               RA-occbankruptcy6@state.pa.us
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank N.A., as trustee, on behalf of the holders
               of the J.P. Morgan Mortgage Acquisition Corp. 2006-WMC1 Asset Backed Pass-Through Certificates,
               Series 2006-WMC1 bkgroup@kmllawgroup.com
              ROBERT NEIL BRAVERMAN    on behalf of Debtor Bethann  Brannigan-Sobon robert@bravermanlaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bethann Brannigan-Sobon<br>Debtor | CHAPTER 13 |
| U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Corp. 2006-WMC1 Asset Backed Pass-Through Certificates, Series 2006-WMC1<br>Movant<br>vs. | NO. 18-13855 MDC |
| Bethann Brannigan-Sobon<br>Debtor | 11 U.S.C. Sections 362 and 1301 |
| Matthew M. Sobon Jr.<br>Co-Debtor | |
| William C. Miller Esq.<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$2,752.77**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 1, 2018 to January 1, 2019 at $917.59/month |
| **Total Post-Petition Arrears** | **$2,752.77** |

2. The Debtors shall cure said arrearages in the following manner;

a). Beginning on February 1, 2019 and continuing through July 1, 2019, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$917.59** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$458.80 from February 2019 to June 2019 and $458.77 for July 2019** towards the arrearages on or before the last day of each month at the address below;

**Select Portfolio Servicing, Inc.**
Attn: Remittance Processing, P.O. Box 65450
Salt Lake City, UT 84165-0450

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 21, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 2/4/19

Robert Neil Braverman, Esquire
Attorney for Debtors

Date: 2/8/19

William C. Miller, Esquire
Chapter 13 Trustee    *no position*

*without prejudice to any trustee rights or remedies

Approved by the Court this 13th day of February, 2019. However, the court retains discretion regarding entry of any further order.

_Magdeline D. Coleman_

Bankruptcy Judge
Magdeline D. Coleman